USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,

                        Plaintiff,                  23-CV-5436 (LAK) (KHP)

        -against-                                **ORDER**

JOHN DOE subscriber assigned IP address :
100.2.212.142,

                        Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

In this copyright infringement case, Plaintiff Strike 3 Holdings, LLC ("Strike 3") moves *ex parte* for leave to serve a third-party subpoena on the internet service provider of Defendant John Doe, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. Plaintiff seeks discovery prior to a Rule 26(f) conference in order to ascertain Defendant's identity. For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

Strike 3 is the copyright owner of certain "adult motion pictures." (ECF No. 1 ("Compl.") ¶ 2.) It contends that Defendant, through the BitTorrent file distribution network, illegally downloaded and distributed its copyrighted motion pictures. (*Id.* ¶¶ 20-46.) On June 26, 2023, Strike 3 filed a complaint against Defendant, and, on June 28, 2023, this case was referred to the undersigned for general pre-trial supervision and to issue a Report and Recommendation on all dispositive motions that may be filed. (ECF No. 5.)

Strike 3 has identified Defendant only through Defendant's IP address. (Compl. ¶ 5.) Therefore, on July 18, 2023, it moved for leave to serve a subpoena on Verizon Fios,

Defendant's internet service provider ("ISP").  (ECF Nos. 7, 8.)  Strike 3 asserts that Verizon Fios will be able to identify Defendant by correlating the IP address with Defendant's identity.  (Compl. ¶ 5.)

## LEGAL STANDARD

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."  Courts in such circumstances "apply a 'flexible standard of reasonableness and good cause.'"  *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)).  The "principal factors" that courts consider when deciding whether expedited discovery is appropriate include: "(1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the [d]efendant's expectation of privacy."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).

Strike 3 has brought thousands of cases exactly like this one in courts around the country over the last several years.  In the vast majority of these cases, courts have granted motions just like the one currently pending before this Court.

## ANALYSIS

In this case, all five of the "principal factors" referenced above weigh in favor of granting Strike 3's motion.  First, Strike 3 has made out a *prima facie* showing of infringement.  "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright

2

and (2) copying of constituent elements of the work that are original." *Urbont v. Sony Music Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016).  In its complaint, Strike 3 adequately describes its original, copyrighted works and provides a detailed analysis of how Defendant copied those works along with the date and time of the alleged infringements.  (Compl. ¶¶ 44-47; Ex. A.)

Second, Strike 3 has limited the scope of the contemplated subpoena to the name and address of Defendant (ECF No. 8 at 2), which courts in similar cases involving the same Plaintiff have found "is a limited and highly specific set of facts."  *See, e.g., Strike 3 Holdings, LLC v. Doe*, 2023 WL 3005744, at *1 (S.D.N.Y. Jan. 26, 2023); *Strike 3 Holdings, LLC v. Doe*, 2020 WL 5879839, at *1 (S.D.N.Y. Oct. 2, 2020); *Strike 3 Holdings, LLC v. Doe*, 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018).  "[T]he subpoenaed information is only needed to advance Plaintiff *to* the service of process stage, and is sufficiently specific to accomplish that end." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 5459693, at *3 (S.D.N.Y. Oct. 9, 2019).

Third, Strike 3 asserts that a third-party subpoena is the only method by which it can ascertain Defendant's identity.  (Compl. ¶ 15; ECF No. 8 at 7.)  The Court notes that "BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)).  Further, it appears that Verizon Fios is the only entity that can use Defendant's IP address to ascertain Defendant's identity.  Thus, Strike 3 has established that it can only obtain Defendant's information through the contemplated subpoena.

Fourth, Strike 3 has adequately asserted that without the requested subpoena, it will be unable to serve Defendant and will be unable to pursue further litigation.  (ECF No. 8 at 8.)

Strike 3 also maintains that expedited discovery is necessary as some ISP records may be stored only briefly before being purged. (ECF No. 8 at n.1.)

Finally, while being identified as a defendant in a case such as this one, which involves the viewing and dissemination of adult movies, may cause embarrassment, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013) (citing *Arista*, 604 F.3d at 118). Furthermore, some of Defendant's potential privacy concerns will be alleviated by the protective order, discussed in more detail below.

As each of these factors weighs in favor of Plaintiff, the Court concludes that Plaintiff is entitled to serve a subpoena on Verizon Fios in order to ascertain Defendant's identity.

Plaintiff also "encourages" the Court to issue a protective order so as to protect Defendant's identity, in accordance with this Court's practice in these sorts of cases. (ECF No. 8 at 9.) The Court concludes that there is good cause to issue a protective order in connection with this subpoena in light of the substantial risk for false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Digital Sin, Inc.*, 279 F.R.D. at 242-43.

## CONCLUSION

**IT IS ORDERED** that Strike 3 may immediately serve a Rule 45 subpoena on Verizon Fios to obtain information to identify John Doe, specifically their true name and current and permanent address. Plaintiff is *not* permitted to subpoena the ISP for John Doe's email

addresses or telephone numbers.  The subpoena shall have a copy of this order attached, along with the attached "Notice to Defendant."

**IT IS FURTHER ORDERED** that Verizon Fios will have *60 days* from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this order, and a copy of the "Notice to Defendant."  The order should be attached to the "Notice to Defendants" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.  Verizon Fios may serve John Doe using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or overnight service.

**IT IS FURTHER ORDERED** that John Doe shall have *60 days* from the date of service of the Rule 45 subpoena and this Order upon them to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  Verizon Fios may *not* turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period.  Additionally, if John Doe or Verizon Fios files a motion to quash the subpoena, Verizon Fios may not turn over any information to Strike 3 until the issues have been addressed and the Court issues an Order instructing Verizon Fios to resume in turning over the requested discovery.

**IT IS FURTHER ORDERED** that if that 60-day period lapses without John Doe or Verizon Fios contesting the subpoena, Verizon Fios shall have *10 days* to produce the information responsive to the subpoena to Strike 3.  Should John Doe move to quash the subpoena or to

proceed anonymously, John Doe shall notify Verizon Fios so that it is on notice not to release any of John Doe's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that Verizon Fios shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that Verizon Fios shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should Verizon Fios elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that Strike 3 shall serve a copy of this Memorandum Order along with any subpoenas issued pursuant to this order to Verizon Fios.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

**SO ORDERED.**

DATED:   New York, New York
         July 21, 2023

_Katharine H Parker_
KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in Strike 3 Holdings, LLC. v. John Doe, subscriber assigned IP address 100.2.212.142, 23-cv-5436 (LAK) (KHP), a case now pending before the Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, and the Honorable Katharine H. Parker, United States Magistrate Judge for the Southern District of New York.

2. Attached is Judge Parker's Order dated July 21, 2023, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed pro se (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed pro se, all communications with the Court should be through the Pro Se Intake Unit of the United States District Court for the Southern District of New York. The Pro Se Intake Unit is located in Room 200 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  If you choose to proceed pro se, your motion to quash or modify the subpoena should be mailed to the Pro Se Intake Unit, as described in paragraph 3.  You should also inform your ISP that you intend to contest the subpoena so that it does not release your information to the plaintiff.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court.  This information is solely for use by the Court and the Court will not provide this information to lawyers for the

plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed pro se, your letter should be mailed to the Pro Se Intake Unit, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.